J-S04026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONALD WASHINGTON, | |
| Appellant | No. 1221 MDA 2014 |

Appeal from the PCRA Order entered June 25, 2014,
in the Court of Common Pleas of Dauphin County,
Criminal Division, at No(s): CP-22-CR-0003071-1992

BEFORE:  BOWES, ALLEN, and STRASSBURGER*, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED FEBRUARY 02, 2015**

Donald Washington ("Appellant") appeals *pro se* from the order denying his sixth petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and procedural history have been summarized as follows:

> On April 16, 1993, a jury convicted Appellant of Murder in the First Degree and related charges on evidence that he fired three shots at a group of prospective drug buyers who attempted to abscond with cocaine he and a cohort were selling, killing one man in the process. On [July 18, 1994], this Court affirmed the judgment of sentence of life imprisonment without possibility of parole, and the Pennsylvania Supreme Court denied Appellant's petition for allocatur [on April 18, 1995].

 *Retired Senior Judge assigned to the Superior Court.

Over the ensuing [] years, Appellant filed four PCRA petitions, all of which were denied. He filed a *pro se* petition, his fifth, on May 5, 2010, alleging that he had recently discovered in his file a notation presumably made by his attorney on the back side of a document suggesting that the prosecution had offered a sentence of 15 to 30 years imprisonment in exchange for Appellant's guilty plea. Appellant contends that his counsel denied him his Sixth Amendment right to effective counsel by never conveying the offer to him.

After appointing counsel, who filed an amended PCRA petition in the case *sub judice*, the PCRA court gave notice on December 15, 2010 of its intention to dismiss the petition without a hearing in 21 days. The next docket entry is a petition dated January 25, 2011, in which counsel sought reinstatement of Appellant's appeal rights *nunc pro tunc*. On July 5, 2011, however, the court deemed the petition for reinstatement moot and dismissed the PCRA petition without a hearing. This timely appeal followed.

**Commonwealth v. Washington**, 50 A.3d 243 (Pa. Super. 2012), unpublished memorandum at 1-3 (footnote omitted).

On May 16, 2012, we affirmed the PCRA court's order dismissing Appellant's fifth petition. **See id.** Appellant filed a petition for allowance of appeal to our Supreme Court. While this petition was pending, on August 8, 2012, Appellant filed the PCRA petition at issue, his sixth. Our Supreme Court denied Appellant's petition for allowance of appeal on October 12, 2012. **Commonwealth v. Washington**, 55 A.3d 524 (Pa. 2012). On May 21, 2014, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's sixth PCRA petition without a hearing. By order entered June 25, 2014, the PCRA court dismissed Appellant's latest petition. This

- 2 -

timely appeal followed. The PCRA court did not require Pa.R.A.P. 1925 compliance.

Appellant raises the following issue on appeal:

> I. Whether Appellant's sentence is illegal for violating the Eighth Amendment's prohibition against cruel and unusual punishment in light of the United States Supreme Court's decision in **Miller v. Alabama**, 132 S.Ct. 2455 (2012)?

Appellant's Brief at 4 (excess capitalization and emphasis omitted).

The PCRA court correctly notes that it lacked jurisdiction to rule on Appellant's sixth PCRA petition while he appealed to our Supreme Court. Pa.R.Crim.P. 907 Notice Memorandum and Order, 5/21/14, at 1 (citing **Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000)). However, because the PCRA court did not dismiss the prematurely filed PCRA petition, **see generally**, **Commonwealth v. Leslie**, 757 A.2d 984 (Pa. Super. 2000), it properly considered its merits once our Supreme Court denied relief. Before reviewing the PCRA court's decision, however, we must first determine whether Appellant timely filed his latest petition.

Our standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the

PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. *Commonwealth v. Jordan*, 772 A.2d 1011 (Pa. Super. 2001).

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). Thus, if a PCRA petition is untimely, neither an appellate court nor the PCRA court has jurisdiction over the petition. *Id*. "Without jurisdiction, we simply do not have the legal authority to address the substantive claims" raised in an untimely petition. *Id.*

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, an exception to the time for filing the petition. *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove that: "(1) there has been interference by government officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new constitutional right has been recognized." *Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007) (citations omitted). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claim first could have been presented." *Gamboa-Taylor*, 753 A.2d at 783. *See also* 42 Pa.C.S.A. § 9545(b)(2). Moreover, exceptions to

the time restrictions of the PCRA must be pled in the petition, and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) ("Issues not raised before the lower court are waived and cannot be raised for the first time on appeal.").

Appellant's judgment of sentence became final on July 17, 1995, when the ninety-day period for filing a writ of certiorari with the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. *See Commonwealth v. Washington*, 867 A.2d 651 (Pa. Super. 2004), unpublished memorandum at 2 n.1. Appellant filed the instant PCRA petition over seventeen years later. As a result, his PCRA petition is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999).

Appellant has failed to prove the applicability of any of the exceptions to the PCRA's time restrictions. Appellant contends that his PCRA falls under the exception of subsection 9545(b)(1)(iii) because the United States Supreme Court recognized a new constitutional right in *Miller v. Alabama*, 132 S.Ct. 2455 (2012). In *Miller*, the high court held that mandatory sentences of life without parole "for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition against 'cruel and unusual punishment.'" *Miller*, 132 S.Ct. at 2460. Appellant asserts that the

*Miller* decision should be applied retroactively to his life sentence. Appellant's claim fails for two reasons.

First, the *Miller* holding is inapposite because Appellant was not a juvenile when he robbed and killed the victim. The PCRA court reasoned:

> [Appellant] argues, to no avail, that he is entitled to relief based on the U.S. Supreme Court's ruling in *Miller v. Alabama*, 132 S.Ct. 2455 (2012), which bars automatic life sentences for juvenile offenders. The *Miller* decision, however, does not apply to [Appellant], who was twenty years old at the time he committed the murder. [Appellant] was born on March[] 10, 1972, and the murder took place on September 6, 1992. The Supreme Court held that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on "cruel and unusual punishments." *Miller v. Alabama*, 132 S.Ct. 2455, 2460 (2012). The United States Supreme Court acknowledged in *Roper v. Simmons*, 543 U.S. 551, 574, 125 S.Ct. 1183 (2005), that "[t]he qualities that distinguish juveniles from adults does not disappear when an individual turns 18", but *Miller's* holding is limited to sentences for those who were "under the age of 18 at the time of their crimes." *Miller* at 2460. Accordingly, [Appellant's] case does not fall within *Miller's* scope.

Pa.R.Crim.P. 907 Memorandum and Order, 5/21/14, at 2.

Second, even had Appellant been a juvenile at the time of the victim's murder, our Supreme Court has determined that the *Miller* decision should not be applied retroactively. *See generally*, *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013). Thus, Appellant cannot avoid the PCRA's time bar pursuant to Section 9545(b)(iii).

In sum, Appellant's PCRA petition is facially untimely, and he has failed to meet his burden of proof with regard to any exception to the timeliness

requirements of the PCRA. We therefore affirm the PCRA court's denial of Appellant's sixth petition for post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/2/2015